IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAM WILSON, III, §<br>TDCJ-CID NO. 1142810, §<br>§<br>Petitioner, §<br>§<br>v. §<br>§ CIVIL ACTION NO. H-06-2990<br>NATHANIEL QUARTERMAN, Director, §<br>Texas Department of Criminal §<br>Justice, Correctional §<br>Institutions Division, §<br>§<br>Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, William Wilson, III, brings this action seeking a Writ of Habeas Corpus (Docket Entry No. 1). Pending before the court is Respondent Quarterman's Motion to Dismiss with Brief in Support (Docket Entry No. 10). For the reasons stated below, Respondent's motion will be granted, and Wilson's Petition for a Writ of Habeas Corpus by a Person in State Custody will be dismissed.

**I. Background**

Wilson was charged by indictment for the murder of his wife after her badly burned body was found by police in the trunk of an abandoned automobile that had been set on fire.[1] He was found

---

[1] Wilson v. State, No. 14-02-01272-CR (Tex. App. -- Houston [14th Dist. 2004]; Indictment, in Ex parte Wilson, Appl. No. WR-60,839-02, p. 33.

guilty by a jury, and the trial court sentenced him to life imprisonment on November 11, 2002.[2]  The Fourteenth Court of Appeals of Texas affirmed his conviction on January 27, 2004.[3]  The court's mandate was issued on November 17, 2004.[4]  Wilson filed a petition for discretionary review (PDR), which was refused on October 6, 2004.[5]  On October 21, 2004, Wilson filed a state habeas petition challenging his conviction.[6]  The Texas Court of Criminal Appeals dismissed this habeas petition on April 13, 2005, because his direct appeal remained pending, citing Tex. Code Crim. Proc. art. 11.07 §§ 1, 3(a)-(b).[7]  On March 6, 2006, Wilson filed a second state habeas petition, which was denied without written order on May 24, 2006.[8]

   Wilson filed the instant application for a writ of habeas corpus on September 22, 2006, alleging ineffective assistance of counsel, "prosecutorial misconduct error," and bias, prejudice, and

---

[2] Ex parte Wilson, Appl. No. WR-60,839-02, p. 34.

[3] Wilson v. State, No. 14-02-01272-CR (Tex. App. -- Houston [14th Dist.] 2004).

[4] Mandate, Wilson v. State, No. 14-02-01272-CR (Tex. App. -- Houston [14th Dist.] 2004).

[5] Respondent's Motion to Dismiss with Brief in Support, Docket Entry No. 10, Exhibit A.

[6] Ex parte Wilson, No. WR-60,839-01, p. 2-14.

[7] Id. at cover.

[8] Ex parte Wilson, Appl. No. WR-60,839-02, at cover.

error by the trial judge.[9]  On December 13, 2006, respondent filed the pending motion to dismiss (Docket Entry No. 10).  Wilson filed a Separate Memorandum on January 9, 2007 (Docket Entry No. 11), restating his grounds for relief.

## II.  Analysis

The Anti-terrorism and Effective Death Penalty Act (AEDPA) governs this case because Wilson filed his federal habeas petition after the AEDPA's effective date.  Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997).  When enacting the AEDPA Congress included a one-year statute of limitations, which states:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[9]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1.

-3-

>    (D) the date on which the factual predicate of
>    the claim or claims presented could have been
>    discovered through the exercise of due
>    diligence.
>
>    (2) The time during which a properly filed
>    application for State post-conviction or other
>    collateral review with respect to the pertinent
>    judgment or claim is pending shall not be counted
>    toward any period of limitation under this
>    subsection.

28 U.S.C. § 2244(d) (West 2006). Respondent argues that Wilson's claims are barred by the AEDPA's statute of limitations.[10]

The record does not indicate that any unconstitutional State action prevented Wilson from filing for federal habeas corpus relief, that his claims concern a constitutional right recently recognized by the Supreme Court, or that the factual predicate of his claims could not have been discovered until after his conviction became final.[11] Accordingly, Wilson's limitations period will be determined by sections (d)(1)(A) and (d)(2).

The Fifth Circuit has held that the "conclusion of direct review" encompasses a petition for a writ of certiorari filed with

---

[10]Respondent's Motion to Dismiss with Brief in Support, Docket Entry No. 10, pp. 3-7.

[11]Although Wilson alleges in his petition that the prosecutor used "perjurious [sic] and tainted testimony, suppressing favorable evidence and seeking to convict rather than seeking justice," Wilson does not specify what testimony was tainted or what evidence was suppressed. He merely repeats the same general allegation. Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7; Separate Memorandum, Legal Citations and Arguments, Docket Entry No. 11, p. 3; Ex parte Wilson, Appl. No. WR-60,839-02, p. 7; Ex parte Wilson, Appl. No. WR-60,839-01, pp. 7, 12. Wilson does not address the limitations defense in any of his pleadings.

the Supreme Court, and ends "when the Supreme Court rejects the petition for certiorari, or rules on its merits.  If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of time for seeking such review." Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (internal quotations omitted).  "[T]his includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." Id.  Wilson's PDR was refused by the Texas Court of Criminal Appeals, the court of last resort, on October 6, 2004.[12]  His conviction therefore became final and the one-year statute of limitations began to run ninety days later, on January 4, 2005.  Wilson filed his federal habeas application on September 22, 2006, more than nine months after the one-year statute of limitations had expired.

Under 28 U.S.C. § 2244(d)(2), the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation under this subsection."  The court must therefore determine whether either of Wilson's state habeas petitions were "properly filed" and tolled the statute of limitations.  "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 121 S.Ct. 361, 364

---

[12]Respondent's Motion to Dismiss with Brief in Support, Docket Entry No. 10, Exhibit A.

(2000). "Thus, a habeas petition filed in a court lacking jurisdiction to consider the application is not 'properly filed.'" Larry v. Dretke, 361 F.3d 890, 893 (5th Cir. 2004).

Wilson's first state habeas petition was filed within the one-year statute of limitations period, but the Texas Court of Criminal Appeals dismissed the application because his direct appeal was still pending.[13] The Texas Court of Criminal Appeals "does not have jurisdiction to consider an application for writ of habeas corpus pursuant to [Tex. Code Crim. Proc.] Art. 11.07 until the felony judgment from which relief is sought becomes final. A direct appeal is final when the mandate from the court of appeals issues." Larry, 361 F.3d at 894 (quoting Ex parte Johnson, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000)). The mandate was issued in Wilson's direct appeal on November 17, 2004, nearly a month after he filed his state habeas application.[14] Because Wilson's direct appeal was not final when he filed his first state habeas application, it was not "properly filed" and did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). Cf. Larry, 361 F.3d at 895.

Wilson filed his second state habeas petition on March 6, 2006.[15] This second state application also did not toll the statute of limitations under § 2244(d)(2) because it was not filed until

---

[13] Ex parte Wilson, No. WR-60,839-01, at cover.

[14] Mandate, Wilson v. State, No. 14-02-01272-CR (Tex. App. -- Houston [14th Dist.] 2004).

[15] Ex parte Wilson, Appl. No. WR-60,839-02, p. 2.

after the limitations period had expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Respondent argues that Wilson is not eligible for equitable tolling.[16]  The Fifth Circuit has stated:

> The doctrine of equitable tolling preserves plaintiff's claims when strict application of the statute of limitations would be inequitable. Equitable tolling will be granted in rare and exceptional circumstances and will not be granted if the applicant failed to diligently pursue his rights. Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.

Larry, 361 F.3d at 896-97 (internal quotations omitted).  Here, Wilson waited almost a year between the time his first state habeas petition was dismissed and the time he filed his second state habeas petition.[17]  Wilson does not allege, and the record does not indicate, that he was misled about the cause of action or that he was prevented from asserting his rights.[18]  The court therefore concludes that equitable tolling is not warranted.

---

[16] Respondent's Motion to Dismiss with Brief in Support, Docket Entry No. 10, pp. 6-7.

[17] Wilson's first state habeas petition was dismissed on April 13, 2005, before the one-year AEDPA statute of limitations expired.  However, Wilson waited until March 6, 2006, to file his second state habeas petition.

[18] Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1; Separate Memorandum, Legal Citations and Arguments, Docket Entry No. 11; Ex parte Wilson, Appl. No. WR-60,839-02; Ex parte Wilson, Appl. No. WR-60,839-01.  Wilson does not argue that his claim should be equitably tolled.

### III.  Conclusion and Order

For the reasons explained above, Respondent Quarterman's Motion to Dismiss (Docket Entry No. 10) is **GRANTED**, and Wilson's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 4th day of April, 2007.

```
                    SIM LAKE
          UNITED STATES DISTRICT JUDGE
```